```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
VANLAB CORPORATION,

                        Plaintiff,              04-CV-6183

          v.                                    **DECISION
                                                and ORDER**

BLOSSOM VALLEY FOODS CORP. and
ROBERT M. WAGNER,

                        Defendants.
_____
```

## INTRODUCTION

Plaintiff, Vanlab Corporation, ("plaintiff" or "Vanlab") brings this action for breach of contract against Blossom Valley Foods, Corp. ("Blossom") and its president, Robert M. Wagner ("Wagner") (collectively "defendants"), seeking to recover $224,000 it paid to Blossom in exchange for 2,640 gallons of high quality vanilla extract. Plaintiff now moves to strike two of defendants' affirmative defenses (1) that this action should be dismissed in favor of a pending case in Superior Court of the State of California, County of Santa Clara, and (2) a defense alleging that plaintiff's claims are time barred pursuant to a reduced statute of limitations set forth in the bill of lading and shipping invoice. Defendants move for summary judgment dismissing the complaint pursuant to Federal Rule of Civil Procedure 56, claiming that the reduced statute of limitations clause is only found in the bill of lading and shipping invoice and not in the original purchase offer and, therefore, is not controlling. In addition,

defendant Wagner also moves for summary judgment in his favor on the grounds that he is not personally liable by signing a letter of continuing guarantee on behalf of Blossom at Vanlab's request.

For the reasons set forth below, plaintiff's motion to strike defendants' affirmative defenses is granted, and defendants motion for summary judgment based on the reduced statute of limitations clause is denied. Additionally, defendant Wagner's motion for summary judgment dismissing the claims against him as an individual guarantor is granted.

## BACKGROUND

Vanlab is a New York corporation with its principal place of business in Monroe County, New York and is in the business of selling flavoring extracts. Blossom is a California corporation with its principal place of business in Santa Clara County, California. Blossom Valley Foods Corp. manufactures and distributes food products, including vanilla extract and Robert Wagner is its President.

In June 2002, Blossom entered into an agreement with Tahitian Import/Export ("TIE"), a vanilla manufacturing company, under which Blossom became the exclusive United States distributor of TIE's vanilla products. On July 11, 2002, Blossom sent Vanlab a specification sheet describing in detail TIE's vanilla products as follows:

> A dark amber colored alcoholic extract containing all flavoring components having a true vanilla aroma and flavor. All ingredients are FDA approved for use in flavoring. This product conforms to the standard of identity for vanilla extract established for double fold strength vanilla extract and is made by direct extraction of vanilla beans.

Complaint, Ex. B (Doc. No. 1). Included with the specification sheet, Wagner signed and sent to Vanlab a "Letter of Continuing Guarantee" representing that each shipment of its products would not be "adulterated or misbranded within the meaning of the Federal Food, Drug and Cosmetic Act.." Patton Reply Aff., Ex. 1 (Doc. No. 23).

On March 10, 2003, Vanlab sent Blossom a purchase order for 2,640 gallons of two fold bourbon vanilla extract. This purchase order (Order No. 6972) set forth the terms of Vanlab's offer, requiring, inter alia, that the extract must meet: (1) "all federal and local regulations and standards for 2 fold vanilla extract;" and (2) "all specifications as provided by [Blossom] as of 03/10/03." Complaint, Ex. A (Doc No. 1). Defendant Wagner, president of Blossom, signed the bottom of Purchase Order No. 6972, indicating Blossom's acceptance of plaintiff's offer.

On March 14, 2003, Blossom engaged Roadway Express to ship the vanilla extract to Vanlab in New York. Along with the shipment, Blossom issued Vanlab a standard bill of lading and a shipping invoice, each of which contained a provision

requiring "[a]ny action for breach of contract or negligence or otherwise must be initiated within one year after the accrual of Buyer's cause of action." Patton Affidavit, Ex. C (Doc. No. 19). On March 24, 2003, Vanlab received the shipment of vanilla which contained the bill of lading and shipping invoice.

On January 7, 2004, Vanlab requested that the University of Georgia Center for Applied Isotope Studies test a sample of Blossom's vanilla extract from the March 23, 2003 shipment. By letter dated February 25, 2004, the University of Georgia informed Vanlab of its findings, which concluded that the vanilla extract plaintiff had purchased from Blossom was "not derived from vanilla beans or even entirely from a botanical product." Complaint, Ex. C (Doc. No. 1).

In February 2004, TIE commenced a breach of contract action against Blossom in California Superior Court for Santa Clara County (the "California State Court Action"). Vanlab followed by filing this action in Federal Court, Western District of New York, against Blossom on April 22, 2004. On June 1, 2004, Blossom filed a cross-complaint against TIE in the California State Court Action, naming Vanlab as a cross-defendant in that action, seeking a determination of the respective obligations of TIE and Blossom with respect to the same claims plaintiff asserts in the Federal Court action pending before the Court. Essentially, both the California and

Federal actions are identical and seek the same relief. On January 21, 2005, Vanlab was dismissed as a defendant in the California State Court Action. Patton Affidavit, Ex. A (Doc. No. 19).

### DISCUSSION

I. <u>Plaintiff's Motion to Strike Affirmative Defenses</u>

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike "any insufficient defense" from a pleading. FED. R. CIV. PROC. 12(f). A court may grant a motion to strike when a defense "presents no substantial question of law or fact and is insufficient as a matter of law." <u>Seneca Nation of Indians v. State of New York</u>, 1994 WL 688262, at *1 (W.D.N.Y 2004). Furthermore, such motions will be granted where it appears to a certainty that plaintiff would succeed despite any [set of] facts which could be proved in support of the defense." <u>Sony Financial Services, LLC v. Multi Video Group, Ltd</u>., 2003 WL 22928602, at *7 (S.D.N.Y 2003).

    A. <u>Defendants' Pending Litigation Defense</u>

Defendants, in their sixth affirmative defense, seek dismissal of this action in favor of a pending state court action between the parties currently proceeding in California. Vanlab moves to strike defendants' affirmative defense on grounds that Vanlab has been dismissed as a party from the California state court action, and therefore there is no

pending litigation between the parties. It is clear from the record in the California proceeding that Vanlab has been dismissed as a party from that action. Accordingly, I grant Vanlab's motion to strike defendants' affirmative defense based on the pending litigation in California State Court.

### B. Defendants' Reduced Statute of Limitations Defense

Vanlab moves to strike defendants' statute of limitations defense on the grounds that the shortened statute of limitations upon which defendants rely is derived solely from shipping invoice and bill of lading, and <u>not</u> in the originally negotiated purchase order. Such a significant provision affecting a contract remedy must be agreed to by the parties and cannot be established unilaterally by grafting it on to the original contract from a collateral document. Vanlab correctly maintains that it is entitled to at least the four or the six year limitations period traditionally allowed for breach of contract claims arising from the purchase or sale of goods in commerce. Plaintiff contends that its filing the complaint on April 22, 2004, was well within the applicable statute of limitations period of either four or six years.

Moreover, it is Horn Book Law that the creation of a contract requires four basic elements: (1) an offer; (2) an acceptance; (3) the mutual assent of the parties; and (4) an intent to be bound by its terms. <u>Wells Fargo Bank Minnesota</u>

v. BrooksAmerica Mortgage Corporation, 2004 WL 2072358, at *6 (S.D.N.Y. 2004)

Here, all four required elements of the contract were met before Blossom even issued the shipping invoice and bill of lading. Shipping the goods, of course, was a collateral requirement of the contract, but the terms of shipment (bill of lading) cannot modify a critical remedy of the parties, i.e. the time within which a suit might be brought for a breach of the contract. When Wagner signed Purchase Order No. 6972, he agreed to provide Vanlab with the vanilla extract according to specific proposed terms. As this Court previously determined in a similar motion between these two parties, "the entirety of the understanding between the parties [Vanlab and Blossom] is contained in the terms of Purchase Order No. 6972.." Vanlab Corp. v. Blossom Valley Foods Corp., 2005 WL 43772, at *7 (W.D.N.Y. 2005).

It is critical to point out that the record fails to reveal evidence that Vanlab agreed to a reduced statute of limitations, or that the subject was even a topic of negotiation. In determining whether or not the limitations clause was even considered as an amendment to the original contract, the record reveals that Vanlab's president, David Patton stated that he was "surprised by defendants' attempt to add it [the reduced statute of limitations clause]" and that "under no circumstances ...would [he] have consented to a

[shortened] limitations period..given the amount of time it takes to determine that a product is adulterated..." Patton Reply Aff., (Doc. No. 23). Therefore, because the reduced statute of limitations clause creates an element of hardship for the plaintiff, it constitutes a material alteration to the contract originally negotiated between the parties and is unenforceable.

 II. <u>Defendants Motion for Summary Judgment</u>

 Rule 56 of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment as a matter of law only where, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. . . ." F<small>ED</small>.R.C<small>IV</small>.P. 56.  The party seeking summary judgment bears the burden of demonstrating that no genuine issue of material fact exists, and in making the decision the court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. <u>Ford v. Reynolds</u>, 316 F.3d 351, 354 (2d Cir.2003) (<u>citing</u> <u>Marvel Characters v. Simon</u>, 310 F.3d 280, 285-86(2d Cir.2002)). "Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the nonmoving party."  <u>Id</u>.

A. <u>Summary Judgment-Statute of Limitations</u>

Defendants argue that plaintiff's action was commenced nearly one month after the expiration of the reduced one year statute of limitations period and, therefore, plaintiff's untimely commencement of the action warrant the grant of defendants' motion for summary judgment. Defendants argue that the reduced statute of limitations clause was not a material alteration and, therefore, it was automatically incorporated into the original purchase order.

However, for the reasons set forth earlier in this opinion, I find that the reduced statute of limitations clause is not a valid affirmative defense.

B. <u>Summary Judgment-Personal Liability of Robert Wagner</u>

Defendants argue that when Wagner signed the letter of guarantee on behalf of Blossom, he was signing the document in his capacity as President of the company, and not as an individual and, therefore, he is not personally liable and accordingly should be dismissed as a party to this suit.

The critical language of the guarantee dated 7/11/02 appearing on Blossom Valley Foods company letterhead and signed by Wagner is as follows:

> <u>We</u> hereby guarantee that the articles comprising each shipment or other delivery of any of our products hereafter distributed by Blossom Valley Foods to or on the order of: VANLAB CORPORATION are as of the date of such shipment of delivery, not adulterated or misbranded within the meaning of the Federal Food, Drug, and Cosmetic Act, as amended, and are not articles which may not, under the provisions of section

>  404 or 505 of such Act, be introduced into interstate commerce. This is a continuing guarantee, subject to revocation or written notice thereof. (Emphasis added.)

Pursuant to New York law, it is well settled that directors of corporations are considered to be agents of the corporation. <u>Holmes, Booth & Haydens v. Willard</u>, 25 N.E. 1083, 1084(N.Y. 1890). Furthermore, under New York law "an agent who signs an agreement on behalf of a disclosed principal will not be individually bound to the terms of the agreement, unless there is clear and explicit evidence of the agent's intention to substitute...his personal liability." <u>Lerner v. Amalgamated Clothing and Textile Workers Union</u>, 938 F.2d 2, 5  (2d Cir. 1991). Rarely, and only in cases of overwhelming evidence of the signatory's intent, have New York courts found individual liability of a corporation's president. <u>Paribas Properties, Inc., V. Benson</u>, 146 A.D.2d 522, 536 N.Y.S.2d 1007 (1st Dep't 1989).

Here, there is no clear evidence that Wagner intended to be personally liable. The use of the pronoun "we" in the language of the guarantee letter itself states "<u>We</u> hereby guarantee.." The use of "we" is significant because it shows that Wagner signed jointly, with the corporation. At no point does Wagner ever use the personal pronoun "I" or mention his personal guarantee.  Indeed, he individually signed a Letter of Continuing Guarantee, guaranteeing the quality of the product, however, he did so in his capacity as the President

of Blossom Valley Foods. Thus, because no clear evidence exists that Wagner personally intended to sign the guarantee as an individual, he is not personally liable. Summary judgment is granted in his favor dismissing the claim of individual liability.

## **CONCLUSION**

For the reasons set forth above, I grant the plaintiff's motion to strike defendants' affirmative defenses based on the pending litigation in California.  Additionally, defendants' motion for summary judgment based on the reduced statute of limitations claim is denied. Defendants' motion for summary judgment in favor of Robert Wagner is granted because he did not individually guarantee the performance of the contract.

ALL OF THE ABOVE IS SO ORDERED.

                        S/ Michael A. Telesca
                           MICHAEL A. TELESCA
                       United States District Judge

Dated:     Rochester, New York
            September 29, 2005